IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CLARK TECHNOLOGIES, LLC**                                                          **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:09cv91KS-MTP**

**JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF
MISSISSIPPI; FORREST COUNTY, MISSISSIPPI; JON
MARK WEATHERS, DISTRICT ATTORNEY FOR THE 12TH
JUDICIAL DISTRICT OF MISSISSIPPI; US BANK CUSTODIAN -
SASS MUNI V, A FOREIGN BUSINESS ENTITY; REBUILD
AMERICA, INC., A FOREIGN CORPORATION; DELBERT HOSEMANN,
SECRETARY OF STATE FOR THE STATE OF MISSISSIPPI; THE
HATTIESBURG PUBLIC SCHOOL DISTRICT; ANN CHAPMAN,
IN HER CAPACITY AS CHAIR OF THE HATTIESBURG PUBLIC
SCHOOL DISTRICT BOARD OF TRUSTEES; JIMMY HAVARD,
IN HIS CAPACITY AS FORREST COUNTY CHANCERY CLERK AND
ANY AND ALL PERSONS HAVING OR CLAIMING ANY LEGAL OR
EQUITABLE INTEREST IN THE FOLLOWING DESCRIBED REAL
PROPERTY SOLD FOR TAXES ON AUGUST 28, 2006, PARCEL
2-038D-16-028.00, PPIN NO. 21761**                             **DEFENDANTS**

## ORDER OF REMAND

This matter comes before the court on a Motion to Remand **[#4]** filed on behalf of the plaintiff. The court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

The allegations set forth in the Complaint filed by Clark Technologies, LLC

("Clark Technologies") arise from the sale of a parcel of real property for the 2005 ad valorem taxes on August 28, 2006, by the Chancery Clerk of Forrest County, Mississippi.  The property which was sold is within the unexpired portion of a Sixteenth Section lease for a period of ninety-nine years and is located in Forrest County, Mississippi, and more particularly described as follows:

> Commence at the Southernmost Corner of Block Eighty (80) of the D.D. McInnis Third Addition to the City of Hattiesburg, County of Forrest, State of Mississippi, and run Northwesterly along the Northeast line of Emerald Lane for fifty-two (52) feet to and for the Point of Beginning; thence continue Northwesterly along the Northeast line of Emerald lane for 142.4 feet; thence run Northeasterly and parallel with 32nd Avenue for 110 feet; thence run Southeasterly and parallel with Emerald Lane for 142.4 feet; thence run Southwest and parallel with 32nd Avenue for 110 feet to the Point of Beginning, the said described property being a part of Block Eighty of the D. D. McInnis Third Addition to the City of Hattiesburg, County of Forrest, State of Mississippi;
>
> Also described as:
>
> Parcel #2-038D-16-028.00 PPIN# 21761
> COM. SLY./CR. BLK 80 NWLY. ALG. EMERALD LN. 52 FT POB NWLY. ALG. EMERALD LN. 142.4 FT. NELY. 110FT. SELY. 142.4 FT. SW 110FT POB BLK.80. D.D. MCINNIS 3RD ADDITION PREVIOUS #H0628-47-001

Prior to and during the period in which the subject property was sold for taxes due, Clark Technologies was the lessee or tenant of the subject property by virtue of an assignment of a Lease and Purchase Option Agreement filed in the land records on March 18, 2005.  The lessor and underlying owner of the leasehold interest in the subject property was Jean P. King until her death in 2003.  Subsequently, her children, Joseph Judson King and Jean Clair Curtis, became the owners and lessors.

On August 28, 2006, the subject property was sold to defendant Sass Muni for the outstanding and delinquent ad valorem taxes owed for the fiscal year of 2005.  The tax sale in favor of Sass Muni was not redeemed within the statutory two year

redemption period as provided in Miss. Code Ann. § 27-45-3 (1972).  Therefore, a "Tax Deed" was issued by the Chancery Clerk of Forrest County on September 22, 2008, pursuant to Miss. Code Annotated § 27-45-23, to Sass Muni.  Sass Muni subsequently conveyed its interest in the subject property via a "Quitclaim Deed and Assignment" to defendant Rebuild America.

Clark Technologies filed its Complaint on April 9, 2009, seeking to void the Tax Sale and Tax Deed and requesting confirmation that the plaintiff is the "true and equitable owner of the leasehold interest" in the subject property.  Clark's original complaint filed in Forrest County Chancery Court includes two foreign defendants, Sass Muni and Rebuild America, seven Mississippi resident defendants, Jim Hood, Attorney General for the State of Mississippi, Forrest County, Mississippi, Jon Mark Weathers, District Attorney for the 12th Judicial District of Mississippi, Delbert Hosemann, Secretary of State for the State of Mississippi, the Hattiesburg Public School District, Ann Chapman, in her capacity as chair of the Hattiesburg Public School District Board of Trustees, and Jimmy Havard, in his capacity as Forrest County Chancery Clerk, as well all other unknown persons claiming an interest in the property.  Four of the non-diverse defendants, Jon Mark Weathers, Forrest County, Mississippi, Jimmy Havard, Chancery Clerk of Forrest County, and the State of Mississippi, answered the plaintiff's Complaint and all denied having any objection to the claims asserted therein.

Following the filing of said Complaint, Rebuild America acquired the remaining interest, if any, of the former owners of the property by virtue of a Special Warranty Deed and Assignment from Joseph Judson King.  Then, on May 13, 2009, the diverse defendants, Sass Muni and Rebuild America, Inc., filed their Notice of Removal and

removed this civil action to this court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 asserting that all of the resident defendants were fraudulently joined to defeat diversity. The plaintiff filed the instant motion to remand on May 29, 2009. The non-diverse defendants Forrest County, Mississippi and the Hattiesburg Public School District have joined this motion to remand.

The removing defendants assert that the non-diverse defendants have all been improperly joined and/or named in this action and that they are only nominal defendants against whom no cause of action has been asserted and no liability is sought. Further, the removing defendants contend that none of the non-diverse defendants would be affected by the relief sought by the plaintiff and that the only real parties in interest in this matter are Sass Muni and Rebuild America.

Additionally, the removing defendants argue that the plaintiff's Complaint seeks to confirm current ownership of the subject property in Clark Technologies which would divest Rebuild America of property valued well in excess of this court's jurisdictional minimum of $75,000.00. According to their argument, since the value of the subject property in dispute allegedly exceeds the jurisdictional minimum and the only proper parties are all residents of different States, the defendants' removal of this action was proper pursuant to 28 U.S.C. § 1441(a) and (b) and 1446 and the Motion to Remand should be denied.

The plaintiff responds by asserting that the removing defendants are attempting to improperly place contested facts before the court which go to the merits of the plaintiff's case in an effort to support their contention that the non-diverse defendants were fraudulently or improperly joined. Clark Technologies also contends that this is

not a proper case to pierce the pleadings as the Complaint was clearly not removable on the face of the pleadings filed.

## **STANDARD OF REVIEW - REMAND**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## **FRAUDULENT JOINDER**

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one.*" B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or

that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549; (*citing Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964))).

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549. *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001).

Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a

matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant. *Badon*, 224 F.3d at 390. In regard to piercing the pleadings in an improper joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*)(internal footnotes omitted)(*cert. den.* 125 S.Ct. 1825, 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)). However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

The defendant has chosen not to ask the court to pierce the pleadings in this case and make a summary inquiry of the veracity of the plaintiff's complaint against the

-7-

non-diverse defendants. Indeed, such would have been useless in view of the findings by the court regarding the reasonable basis upon which the plaintiff has established the necessity of the in-state defendants to this action.

## **ANALYSIS**

In Mississippi, Sixteenth Section school lands, or lands granted in lieu thereof, constitute property held in trust for the benefit of the public schools. Miss. Code Ann. § 29-3-1 (1972). Pursuant to Miss. Code Ann. § 7-11-11, the Mississippi Secretary of State has charge of the public lands. Section 7-11-11 states:

> The secretary of state shall have charge of the swamp and the overflowed lands and indemnity lands in lieu thereof, the internal improvement lands, the lands forfeited to the state for nonpayment of taxes after the time allowed by law for redemption shall have expired, and of all other public lands belonging to or under the control of the state. The regulation, sale and disposition of all such lands shall be made through the secretary of state's office.
>
> The secretary of state shall sign all conveyances and leases of any and all state-owned lands and shall record same in a book kept in his office for such purposes.

"The State, as trustee, may not divest itself of its duties." *Turney v. Marion County Bd. of Educ.*, 481 So.2d 770, 777 (Miss. 1985). The *Turney* Court went on to state

> The State, as a matter of practical necessity, manages its sixteenth section trust property through local county boards of education. As Miss.Code Ann. § 29-3-1 relates, "The board of education ... shall have control and jurisdiction of said school trust lands and of all funds arising from any disposition thereof heretofore or hereafter made." The charge of the statute is that Boards of Education manage the school trust lands "as trust property" and "assure that adequate compensation is received." Even though the State has vested in the local boards of education certain management powers and duties, the State at all times holds the fee as trustee and maintains the authority and responsibility to oversee the management of the trust and to assure that the trust is properly

-8-

executed.

*Id.*

As to who are necessary parties in quiet title suits, the Mississippi Court has held that "all persons who are materially interested in the event or subject matter, without whom no effective judgment or decree can be rendered, should be made parties, in a suit to quiet title." *Mahaffey v. Alexander*, 800 So.2d 1284, 1286 (Miss.2001) (quoting *Magnolia Textiles, Inc. v. Gillis*, 41 So.2d 6, 8 (1949)). The Mississippi Supreme Court has precisely explained who is materially interested with regard to interests in land:

> All persons holding either legal or equitable interest in the land must be made parties, as the judgment determining the title must be binding on all. Every person who holds any adverse title or claim must be joined, however diverse among themselves may be the several claims of the defendants. The very name, an action to quiet and confirm title, declares this requirement. If any outstanding title or claim were left undisposed of, which therefore might arise to future controversy, there would be accomplished no quieting. Persons who no longer claim any interest in the property, having conveyed it away, and against whom no personal judgment is sought, are neither indispensable nor even proper parties, except as to the grantor's warranty.

*Id.* (citing *Mississippi Chancery Practice* at § 113).

The Mississippi Court has held that failure to join interested parties in a real estate dispute "justifies reversal and remand as a violation of fundamental due process." *Board of Educ. of Calhoun County v. Warner*, 853 So.2d 1159, 1170 (Miss. 2003)(citing *Aldridge v. Aldridge*, 527 So.2d 96, 98 (Miss.1988); and *Magnolia Textiles, Inc. v. Gillis*, 206 Miss. 797, 807, 41 So.2d 6, 8 (1949)("as a general rule all persons who are materially interested in the event or subject matter, without whom no effective judgment or decree can be rendered, should be made parties, in a suit to quiet title"). The *Warner* Court went on to hold that it was "reversible error [to] not join[] the

Secretary of State as a necessary and indispensable party in [an] action to quiet and confirm title" in a dispute over Sixteenth Section school lands. *Id*.

Thus, it is without question that the Mississippi Secretary of State and the Hattiesburg Public School District are necessary parties to this quiet title action involving Sixteenth Section school lands. Viewing the Complaint in the light most favorable to the plaintiff, the court concludes that Clark Technologies has set forth a reasonable basis upon which to ascertain that there is incomplete diversity of citizenship of the parties defeating this court's jurisdiction. The defendants have not met their heavy burden to convince the court that the non-diverse defendants were fraudulently joined.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#4]** filed on behalf of the plaintiff is granted and this matter is remanded to the Chancery Court of Forrest County, Mississippi. The clerk of this court is directed to return this file to that court immediately.

SO ORDERED AND ADJUDGED this the 14th day of August, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE